*314 Opinion of the Court,
by Judge Mills.
'Garner, the intestate of the present appellant, who is his administrator, being indebted for rent to Strode, was subjected to a distress warrant, and gave a replevin bond, .and then filed his bill, alleging that he had paid part of the debt, and had demands against Strode sufficient to extinguish the residue, which he could not assert at law, because Strode resided without the commonwealth.
The court below dismissed his bill, and awarded ten per centum damages on the.amount of the replevin bond, and costs of suit.
■ It -is evident that the decree must be reversed; because, although the bill praysfor an injunction, yet pone was ever granted or issued. Of course, no ten per centum could be given.. Besides, the costs ought not' to have been decreed, as well as the damages, against the.appellant, in his own right; and we conceive the caSe is one in which no costs ought to be given against an administrator. Garner had filed the bill before his death, and his administrator finding the suit pending, revived it, and pursued it to the end. Costs are sometimes given against administrators and executors, who have sued or might have sued in their own right; but where the suit is or must be in their representative character alone, as this is, the rule is otherwise, and, therefore, no costs ought to have been given.
We also conceive, that the demands against Strode, set up in the bill, are substantially supported by the proof, notwithstanding the denial of Strode’s answer, and that a set-off ought to take place and a perpetual injunction on the final hearing to be awarded, unless it is prevented by a circumstance which we will now notice. Strode amended his answer, and pleads and relies on a former bill with injunction, brought for the same demands, against the present replevin bonds, and a decree rendered therein, in its terms dismissing the bill upon the merits. Upon examining that record, it is evidently for the same demands, against the same *315 demand of Strode, and the same points were ih'issue in the present case, and the decree does appear to one dismissing the bill on the merits, on the hearing of the cause. That such a decree- ought to bar the present demand, if unimpeached, is too evident to need proof. But to avoid this decree, the appellant has put in a special replication, averring and specially ■ charging, that in fact the counsel for the complainant indhe former case, were pressed into the trial unprepared, and had abandoned the cause, and the court gave the order, in fact, to dismiss the-suit for the want of prosecution, and that the clerk, by mistake in drawing the orders of the court, drew it up as a decree upon the merits, and it thus passed unnoticed until the term ended, And to support this replication the appellant has prov■ed, by tbe testimony of witnesses, that when the cause was called for trial, the counsel then employed, moved either to continue the cause, or to lay it over until their client should appear, he them being absent, to make out . r* ,• - ... . .i ■a good cause for a continuance; but failing in the motion, the counsel, there being two employed, abandoned the cause, declaring they could not supportthe cause under its then state of preparation, and the court thereupon directed it to be dismissed for the want of prosecution. A day or two afterwards, the complainant peared and presented a petition and affidavit, praying the court to set aside the dismission, and to reinstate and continue the cause, and the motion was overruled, The terms of this petition and affidavit, evidently treat the dismission which had taken place, as one for the want of prosecution, and do not. apply to dismission on the merits. Whether the complainant now is tied to avoid the bar under this state of proof, is the only question on which the merits must turn. It is insisted, that although the chancellor, as well as a. court of common law, cannot set aside his decrees on motion, or amend them where there is nothing-to amend by, after the term is over; yet that a chancellor, on-a proper issue made up for that purpose, can correct the decrees of former terms, wrongfully entered, either through fraud or mistake, and can relieve against their consequences, and ought to have done so.
T^e merits of' notltoTcoHa' terally brought into musí be* b Í direct pro- ' ceeding by Pe(-ihotl or bill of review
a chancellor may, on a purpose, a -decree of a for!“e!'I?,"?,’ entered, eitber through [^aad °r “1S' relieve a-its conseqv>®noes •
Whether the evidence and'facts proved in the cause, would be sufficient to correct this decree, and change it from a decree on the merits to a simple dismission *316 without hearing, on a proper application by petition or kin of review, we need not now determine, because the question is not presented to us in that shape; but we lay it down as a general rule, that if such correction does ever take place, it must be by direct proceeding, in that cause in which its record is made right, and that the matter which may be then held sufficient to change or correct, cannot be held good as an avoidance in another case. If the relief could be thus granted, both records would be complete, one presenting a decree against, and the other for the complainant, on the same merits; which is absurd. To avoid the effect of a decree in another cause, where its merits are collaterally brought into question, cannot be permitted. The first record must be first changed, and then its collateral operation will not be injurious. However strong the equity of the appellant may be, the bar must operate while it exists unaltered and unreversed.
The decree on the other points, however, must be reversed with costs, and the cause be remanded, that a decree be there entered, conformable to this opinion.